STUEVE SIEGEL HANSON

May 22, 2024

**VIA CM/ECF**

Michael E. Gans, Clerk of the Court
United States Court of Appeals for the Eighth Circuit
111 South 10th Street
St. Louis, Missouri 63102

 Re: *Veera Daruwalla, et al. v. Cassie Hampe*, Appeal No. 23-2477

Dear Mr. Gans:

 In its Rule 28(j) letter, what Appellant characterizes as the "majority opinion" was not an opinion of the panel majority. *Two* of the judges concurred only "in the judgment" and "would have addressed only the district court's erroneous determination that this was not a coupon settlement and the related attorney's fees calculation issue." *Drazen v. Pinto*, 2024 WL 2122466, at *42 (11th Cir. May 13, 2024).

 On top of this mischaracterization, *Drazen* provides no support for Appellant's arguments here. First, in *Drazen,* the claims-made settlement required defendant to pay costs plus approximately $2.3 million in claims or coupons to class members but permitted class counsel to seek up to $10.5 million in fees. *Id.* at *2 n.9, 11, 15. Thus, the requested fees, as well as the $7 million ultimately awarded, exceeded the class's recovery. *Id.* at *15, 24-25. Second, to support this fee request, the settlement was erroneously characterized as a $35 million common fund even though it consisted partly of coupons and even this amount only represented the *maximum* liability of the defendant where actual liability depended on "the claims actually made and settlement costs," which turned out to be far less. *Id.* at *32.

 Here, T-Mobile's liability includes the non-reversionary $350 million it must pay into the settlement fund and the $150 million it must spend to improve data security. Independently or together, those figures are far greater than the fee award, which is only 15.75% of T-Mobile's

Bradley T. Wilders | (816) 803-1367 | wilders@stuevesiegel.com

(816) 714-7100 | stuevesiegel.com | 460 Nichols Road, Suite 200 | Kansas City, MO 64112

total liability under the settlement, a percentage which is reasonable pursuant to the case-specific *Johnson* factors. The district court exercised appropriate scrutiny here.

Finally, Mr. Clore suggests his successful appeal in *Drazen* undermines the district court's bad-faith determination here. But the district court's determination was made on the historical record, which is how it should be reviewed. And *Drazen* did not consider the Bandas Firm's history of bad-faith objections, which the district court relied upon here and is not challenged on appeal. Nor did *Drazen* appear to involve a familial relationship between the Bandas Firm and objector or that the objection was attorney generated. The objections were properly stricken.

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

By: */s/ Bradley T. Wilders*
      Counsel for Appellant

cc: All Counsel (per CM/ECF)

# CERTIFICATE OF COMPLIANCE

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements and Type Style Requirements**

1. This letter / motion complies with the type-volume limitation of Fed. R. App. P. 28(j) because:

    [X]  this letter contains 350 words.

2. This letter / motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]  this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in century Schoolbook, 14-point plain font.

<em>/s/ Bradley T. Wilders</em><br>Counsel for Appellant

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024 I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

<em>/s/ Bradley T. Wilders</em><br>Counsel for Appellant